UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------x
                                                 :
CARMIT DRAGUSHANSKY, AND HILLA                   :
CAPITAL                                          :            OPINION
                                                 :
                          Plaintiffs,            :       12 CV 9240 (TPG)
                                                 :
             – v –                               :
                                                 :
NASSER ET AL.                                    :
                                                 :
                          Defendants.            :
-------------------------------------------------x
```

On December 18, 2012, plaintiffs Carmit Dragushansky and Hilla Capital, Inc. ("Hilla Capital") filed a complaint against Albert Nasser, Rumble Tumble LLC ("Rumble Tumble"), Emertia USA Associates, LLC ("Emerita USA") and Emerita Urban Renewal, LLC (Emerita Urban") (collectively defendants). The complaint alleges breach of contract, unjust enrichment, quantum meruit and violations of New York Labor Law. Defendants filed a motion to dismiss the complaint for failure to state a claim, or in the alternative for a more definite statement.

The court grants the motion to dismiss in part and denies it in part. Specifically, the court dismisses all counts against Rumble Tumble, Emerita USA, and Emerita Urban Renewal. The court also dismisses the claims asserted by Hilla Capital. However, the motion to dismiss is denied and all counts shall remain in the case between Dragushansky and Nasser.

1

**The Complaint**

<u>The Parties</u>

The plaintiffs in this case are Dragushansky, an attorney, licensed real estate broker in New York[1], and New York resident, and Hilla Capital, a corporation formed under the laws of New York and operated by Dragushansky.  Defendant Nasser is a resident and citizen of Israel who, both individually and through business entities, conducts business and real estate transactions throughout the United States, including in New York.  The remaining defendants are limited liability companies formed under the laws of Delaware or New Jersey, and whose President and managing member is Nasser.

<u>Subject Matter Jurisdiction</u>

The complaint alleges that this court has subject matter jurisdiction under 28 U.S.C. § 1332 because there is diversity of citizenship between plaintiffs and defendants and the amount in controversy exceeds $75,000.00.

<u>Factual Allegations</u>

The complaint alleges that in or around August 2011, Nasser asked Dragushansky to work for him.  Specifically, Nasser asked Dragushanksy to "provide various legal and business services for [Nasser's] endeavors in the United States, including, but not limited to, brokering and closing real estate deals, managing his real estate portfolio and providing legal advice in furtherance of same." (para 10)  Nasser and Dragushansky further agreed that Dragushansky would be paid through Hilla Capital in New York in the following manner: $10,000 per month as

---

[1] In oral argument on August 26, 2013, plaintiffs' counsel represented that Dragushansky is a licensed real estate broker in the state of New York.

base pay; 1% commission on all real estate transactions Dragushansky brokered; and

reimbursement for all expenses and costs she incurred performing her services.

 The complaint alleges that Nasser frequently failed to make timely payments and

Dragushansky would have to repeatedly ask for her compensation, and in some cases wait

several months to be paid.  When Dragushanksy received payment, it was through Rumble

Tumble or Emerita USA, both companies solely controlled and operated by Nasser.

 Despite the delays in receiving her salary, Dragushansky continued to provide legal and

real estate services for Nasser.  In or around May 2012, Nasser agreed to pay Dragushansky

$15,000 base pay (as opposed to the previously agreed-upon $10,000) for any month in which

she closed a real estate deal.

 In October 2012, Dragushansky single-handedly brokered and closed on a $30 million

real-estate transaction for Nasser, through Emerita Urban, for a property in Newark, New Jersey.

Plaintiffs allege that while Nasser should have paid Dragushanksy $15,000 in base pay for

October, $300,000 as commission for brokering the deal, and all reasonable expenses she

incurred in October, defendants have only paid $5,000.  The complaint also claims that after

signing the real estate contract, but before closing on the property, Nasser promised

Dragushanksy that she could be the asset manager for the Newark property through Emerita

Urban, and would be paid an additional $200,000 per year for this job.  The complaint further

alleges that Dragushansky dedicated substantial time and effort in preparing to assume this

position.  However, after closing on the property, Dragushansky was told that Nasser's son-in-

law was going to be the asset manager instead of her.

 Based on these facts, plaintiffs claim that defendants are liable for breaching the contract.

Furthermore, plaintiffs allege that defendants failed to comply with provisions of New York

Labor Law, requiring proper notices and statements of wages, as well as payment of past due wages, and forbidding unlawful deductions from wages.  The complaint also alleges that defendants have been unjustly enriched by withholding Dragushansky's wages.  Finally, plaintiffs seek to collect under quantum meriut.

## Legal Analysis

Motion to Dismiss Standard

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must plead sufficient facts "to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662, (2009).  In deciding such a motion, a court must accept as true the facts alleged in the complaint, but it should not assume the truth of its legal conclusions.  Iqbal, 556 U.S. at 678-79.  A court must also draw all reasonable inferences in the plaintiff's favor, and it may consider documents attached to the complaint, incorporated by reference into the complaint, or known to and relied on by the plaintiff in bringing the suit.  ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007).  A court may also consider documents of which a plaintiff would have had actual notice as he drafted his complaint and which are integral to the claims set forth within it. Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991).

Corporate Defendants

Defendants first argue that the complaint fails to state a claim against Rumble Tumble, Emerita USA, or Emerita Urban (the "corporate defendants") because the complaint only alleges Nasser and Dragushansky reached certain agreements that were violated.  Plaintiffs concede that the complaint does not directly allege that the corporate defendants were parties to a contract, yet

they argue that the complaint pleads facts from which a reasonable inference can be drawn that the corporate defendants are liable.

"As a general rule, in order for someone to be liable for breach of contract, that person must be a party to the contract." A & V LLC Contr. Co. v. RFD 55th St. LLC, 15 Misc.3d 196, 204 (N.Y. Sup. Ct. Jan. 23, 2007).  Although the complaint need not directly allege that the corporate defendants were parties to the contract, the factual allegations in the complaint are insufficient for this court to infer that they were parties.  "In order to infer the existence of a contract from the actions of the parties it must appear that they actually intended to form a contract." Estate of Argersinger, 168 A.D.2d 757, 758 (N.Y. 3d App. Div. 1990).  The party seeking to enforce the agreement bears the burden of proving the existence, terms and validity of the contract. Paz v. Singer Co., 151 A.D.2d 234, 235 (N.Y. 1d App Div. 2005).

Plaintiffs argue the court can infer that the corporate defendants were parties to the agreement because the complaint alleges that Dragushansky was paid through Rumble Tumble or Emerita USA, both companies which were solely operated and controlled by Nasser. However, these allegations simply indicate that Nasser used Rumble Tumble and Emerita USA as his paying agents to satisfy Nasser's obligation under the agreement with Dragushansky. There is an insufficient basis for finding that Rumble Tumble and Emerita USA had its own obligations to Dragushansky under the contract between Nasser and Dragushansky.

In addition, the plaintiffs allege that the real estate transaction, for which Dragushansky was not compensated, was brokered "on Nasser's behalf, through Emerita Urban."  Furthermore, Nasser promised Dragushansky she would be the asset manager for the property "through Emerita Urban."  It is not clear what is meant by "through Emerita Urban."  Again, these allegations are insufficient for the court to infer that Emerita Urban was a party to the agreement.

5

Instead, it appears that the complaint is simply asserting that Nasser used the corporate defendants to satisfy his obligations under the agreement with Dragushansky;  simply because a transaction was undertaken "through Emerita Urban" does not indicate Emerita Urban was bound by an agreement.

There is also no allegation that the corporate defendants had any involvement in Nasser's alleged promise that Dragushansky would be the property manager of Emerita Urban Renewal Property.

Overall the lack of allegations connecting the corporate defendants to the factual basis of the complaint indicates that they are not proper defendants for any of the counts alleged in the complaint.  In addition to not properly alleging that the corporate defendants were a party to the relevant agreements, the complaint also fails to allege that the corporate defendants employed Dragushansky such that they would be liable under New York Labor Laws, or that they were unjustly enriched or are liable under quantum meriut.  The motion to dismiss is therefore granted as to the corporate defendants.

Count One - Breach of Contract

In the first count plaintiffs claim that Nasser committed a breach of contract by not properly compensating Dragushansky for closing on the Emerita Urban Renewal Property. Plaintiffs also allege that defendants committed an additional breach by reneging on the agreement that Dragushansky would be the asset manager of Emertia Urban Renewal Property.

Defendants argue that the court should dismiss the first count for breach of contract for several reasons.  First, Nasser maintains that the contract is invalid because it provided for fee splitting with an unlicensed real estate broker, Hilla Capital, in violation of New York Real Prop. Law § 442.  Second, Nasser argues that plaintiffs cannot sue for unpaid broker commissions

because neither Dragushanksy nor Hilla Capital is a registered real estate broker in the state of New Jersey.  Finally, defendants claim that the statute of frauds prohibits plaintiffs from bringing this claim.

Improper Fee Splitting - New York Real Property Law § 442-d

Nasser claims that plaintiffs fail to allege a breach of contract claim for commissions because the agreement constitutes improper splitting of commissions under New York Real Prop. Law § 442.  Defendants argue that although the complaint alleges that Dragushansky was a licensed real estate broker, the agreement provided that Hilla Capital, an unlicensed broker, would receive the payment.  Accordingly, defendants assert that the agreement was improper.  Plaintiffs however argue that there was no fee splitting arrangement.

N.Y. Real. Prop. Law § 442 prohibits a licensed real estate broker from splitting commissions with an unlicensed broker or entity.  It states that "no real estate broker shall pay any part of a fee, commission or other compensation received by the broker to any person for any service help or aid rendered . . . by such person to the broker in buying, selling . . . any real estate."  N.Y. Real. Prop. Law § 442.  A licensed broker can pay part of a fee to an unlicensed corporation or limited liability company "if each of its shareholders or members, respectively, is associated as an individual with the broker as a duly licensed associate broker or salesman."  Id.

In this case the alleged method of payment does not constitute improper fee splitting.  First, there is no allegation that Dragushanksy would receive the commission and then provide a portion of the money to Hilla Capital.  Instead, the complaint alleges that Dragushansky received her compensation from Nasser through Hilla Capital.  There is no allegation that Hilla Capital kept any part of the funds.  Second, the key to an improper fee splitting arrangement is that an individual or entity is paid *for service, help or aid rendered*.  See Kavian v. Vernah Homes Co.,

799 N.Y.S.2d 75, 76 (2d Dep't 2005).  Here the complaint only alleges that the parties agreed that Dragushansky would be paid through Hilla Capital.  There is no allegation that Hilla Capital provided any services, help, or aid in the real estate transactions involved.

<u>Unlicensed Broker Suing for Commissions</u>

Defendants next claim that neither Hilla Capital nor Dragushansky can sue for unpaid commissions because they are not licensed real estate brokers in the state of New Jersey.  Under the laws of both New York and New Jersey, anyone seeking to sue for compensation owed based on services rendered in buying, selling, or leasing any real estate must allege and prove that they were a duly licensed real estate broker when the cause of action arose.  See N.Y. Real Prop. Law § 442-d[2], N.J. Stat. § 45:15-3.[3]

The parties do not dispute that Hilla Capital is not a licensed real estate broker in any state and therefore cannot sue for unpaid broker commissions.  This further prevents Hilla Capital from suing defendants for the unpaid broker commissions under an unjust enrichment or quantum meruit theory as well.  <u>See</u> <u>Kopelowitz & Co. v. Mann</u>, 921 N.Y.S.2d 108, 114 (2d Dep't 2011).

Whether Dragushansky can sue for unpaid broker commissions depends on whether New York or New Jersey law applies.  Dragushanksy's counsel maintains that Dragushanksy was a

---

[2] N.Y. Real Prop. Law § 442-d states that:
> No person, copartnership, limited liability company or corporation shall bring or maintain an action in any court of this state for the recovery of compensation for services rendered in any place in which this article is applicable, in the buying, selling, exchanging, leasing, renting, or negotiating a loan upon any real estate without alleging and proving that such person was a duly licensed real estate broker or real estate salesman on the date when the alleged cause of action arose.

[3] N.J. Stat. 45:15-3 provides that:
> No person, firm, partnership, association or corporation shall bring or maintain any action in the courts of this State for the collection of compensation for the performance of any of the acts mentioned in R.S.45:15-1 et seq. without alleging and proving that he was a duly licensed real estate broker at the time of the alleged cause of action.

The acts in 45:15-1 include the business of a real estate broker, broker-salesperson, and salesperson or referral agent.

licensed real estate broker in the state of New York when this cause of action arose, but was not

licensed in New Jersey.  Defendants assert that New Jersey law applies and thus because

Dragushansky was not a licensed real estate broker in New Jersey she cannot sue for unpaid

broker commissions.

 A federal court sitting in diversity must apply the law of the forum state to determine the

choice-of-law analysis.  Fieger v. Pitney Bowes Credit Corp., 251 F.3d 386, 393 (2d Cir. 2001).[4]

In New York, the first question to resolve in deciding whether to undertake a choice of law

analysis is whether there is an actual conflict of laws.  While the New York and New Jersey laws

do not directly conflict, as they both require that a party be a licensed real estate broker, the

application of each statute will lead to a different result.  Under New York law the claims are not

barred, while under New Jersey law they are.  Id. at 394.

 New York's choice of law framework for contract claims requires the court to evaluate

the "center of gravity" or "grouping of contracts" to determine which state has "the most

significant relationship to the transaction and the parties."  Zurich Ins. Co. v. Shearson Lehman

Hutton, Inc., 84 N.Y. 2d 309 (1994).  This test looks at "in addition to the traditionally

determinative choice of law factor of the place of contracting . . . the places of negotiation and

performance; the location of the subject matter; and the domicile or place of business of the

contracting parties."  Id.  In cases where the cause of action involves real estate but does not

challenge the title to or conveyance of the property, the situs of the property is just one factor to

consider.  Fieger, 251 F.3d at 396.  One of the most significant factors in a case such as the

---

[4] Factors considered are place of contracting; place of negotiation and performance; location of subject matter and
domicile or place of business of contracting parties.  See Fieger 251 F.3d at 354.

present is where the party, here Dragushansky, performed the tasks that form the basis of his contract claim.  Id.

In Advance Realty Associates, Inc. v. First Bank Nat'l Assoc., No. 89 Civ. 4843, 1991 WL 64153, at *2 (S.D.N.Y. Apr. 15, 1991), the court found that New York had the primary interest where a New York broker sued for commission on the sale of Georgia property.  The court reached its decision because the broker's principal place of business was New York, the relationship between plaintiff and defendant arose from a series of conversations in New York, Nebraska, and Minnesota, the broker found a buyer in New York and discussions regarding the commission on the sale and the negotiation of the sale itself occurred in New York.  Id.

In this case, Dragushansky is a resident of New York, and Nasser is a resident and citizen of Israel.  The parties agreed that Dragushansky would be paid for her agreed upon services in New York.  More importantly, in oral argument held on August 26, 2013, the parties agreed that Dragushansky maintained her work office in New York and thus conducted the majority of her work in New York.  The only connection this case has to New Jersey is that the property for which Dragushansky seeks brokerage commissions is located in New Jersey.  Given the extent of the connections to New York, this court finds that New York law applies.

Because Dragushanksy was at all relevant times a licensed real estate broker in New York, she is able to sue for unpaid brokerage commissions.  Hilla Capital however, cannot.

Statute of Frauds

Defendants maintain that because this was an oral agreement "to pay compensation for services rendered . . . in negotiating the purchase, sale, exchange, renting or leasing of any real estate," it violates the statute of frauds and is unenforceable.  General Obligations Law 5-701(a)(10).  Plaintiffs however argue that the exception applies, which states that the provision

10

does not apply "to a contract to pay compensation to . . . an attorney at law, or a duly licensed real estate broker or real estate salesman."  General Obligations Law 5-701(a)(10).

An oral agreement providing for commissions for brokering a real estate deal falls within the Statute of Frauds.  See Ely v. Perthuis, 12 Civ. 1078, 2013 WL 411348 (S.D.N.Y. Jan. 29. 2013).  However, because the agreement was ultimately that Dragushansky, an attorney and duly licensed real estate broker, would receive the compensation, the agreement falls within the exception in 5-701(a)(10).  The fact that the parties agreed that Dragushanksy would be paid through another entity, which does not fall within the exception, should not prevent Dragushansky from being able to sue.

### Summary – Count One

As discussed above, the corporate defendants cannot be sued for breach of contract because there is an insufficient basis for finding that they were a party to any agreement.  Hilla Capital cannot sue for similar reasons as well as because it is not a licensed real estate broker.  Dragushansky however is able to maintain a cause of action against Nasser for breach of contract.

### Count Two –Violations of New York Lab. Law §§ 191, 193, and 195

The complaint's second count alleges that defendants violated various provisions of the New York Labor Laws, including § 195, which requires employers to provide employees with the proper statements of wages and notices.  The count also alleges that defendants violated New York Lab. Law § 193 by making unlawful deductions in plaintiffs' wages.  Finally, the count alleges that defendants owe plaintiffs wages, including the 1% commission, which has not been paid.  Although plaintiffs do not cite a particular provision of the New York Lab. Law, it appears this count seeks to allege a cause of action for unpaid wages under N.Y. Lab. Law § 191 as well.

11

Article 6 of the New York State Labor Law "regulates the payment of wages by employers." Pachter v. Bernard Hodes Grp. Inc., 10 N.Y.3d 609 (2008). In order to state a claim under Article 6, a plaintiff must demonstrate that they are an employee entitled to the statutory protections.

### Hilla Capital

Defendants claim that because Hilla Capital is a corporation, it does not fall within the definition of an employee under the New York Labor Laws, and thus cannot allege a cause of action. Under New York Labor Law § 190(2), an employee is defined as "any person employed for hire." An employer is defined as "any person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service." New York Lab. Law § 190(3). "The term 'person' in the definition of 'employee' does not include corporations, as indicated by the fact that the definition of 'employer' includes 'any person or corporation.'" Fin. Techs. Intern. Inc. v. Smith, 247 F. Supp. 2d 397, 413 (S.D.N.Y. 2002). As Hilla Capital is a corporation, it is therefore not able to sue under N.Y. Labor Laws as an employee.

### Dragushansky

Defendants agree that Dragushansky is an employee. However they claim she does not qualify as a "commission salesman," and thus cannot maintain a cause of action under New York Labor Law §§ 191, 193, and 195.

Plaintiffs concede that Dragushanksy is not a "clerical" or "other worker," and thus in order to state a claim under New York Lab. Law § 191, she must meet the definition of a "commission salesman" under § 190(6). A "commission salesman" is defined as "any employee whose principal activity is the selling of any goods, wares, merchandise, services, real estate,

securities, insurance or any article or thing and whose earnings are based in whole or in part on commissions."  New York Lab. Law § 190(6).  A "commission salesman" specifically excludes "any employee whose principal activity is of a supervisory, managerial, executive, or administrative nature."  Id.  Defendants claim that because the complaint alleges that Dragushansky "provided services including . . . brokering and closing real estate deals and managing [Nasser's] real estate portfolio," Dragushansky's main activity was managerial. However, just because the complaint alleges that Dragushansky's services included managing a real estate portfolio does not mean that her *principal* activity was of a managerial nature.  The management of Nasser's real estate portfolio is also not how "managerial" is defined under the Fair Labor Standards Act.  See 29 C.F.R. 541.102.[5]  Instead, the complaint's allegations are sufficient at this stage to maintain a cause of action under New York Lab. Law § 191.

        Finally, defendants argue that Dragushansky was employed by Hilla Capital and not defendants, and thus cannot sue defendants as her employer.  However, the complaint alleges that Nasser personally sought out Dragushansky and reached an agreement with her personally concerning her services and the payment for those services.  The fact that Dragushansky and Nasser agreed that Nasser would pay Dragushansky through Hilla Capital does not make Hilla Capital the employer of Dragushanksy.

        Summary Count Two

        Hilla Capital is not able to state a claim under New York Labor Laws because it is not an employee as that term is defined in New York Labor laws.  However, Dragushansky can

---

[5] The definitions in the Fair Labor Standards Act is persuasive authority for determining meaning within New York Labor laws because "New York regulations set forth definitions that, as far as the job duties are concerned, are substantially the same, if not quite identical, to those in the federal regulations."  Scholtisek v. Eldre Corp., 697 F. Supp. 2d 445, 464 (W.D.N.Y. 2010).

maintain a claim under New York Labor Laws as the complaint properly alleges that her position

satisfies the definition of a "commission salesman" under New York Labor Law § 191.

<u>Count Three and Four Unjust Enrichment/Quantum Meriut</u>

Defendants claim that the complaint fails to state a claim for unjust enrichment because

Dragushansky was paid a salary.

The court will analyze the unjust enrichment and quantum meriut claims together as a

single quasi-contract claim because under New York law the two are not separate causes of

action.  <u>See</u> <u>Mid-Hudson Catskill Rural Migrant Ministry Inc. v. Fine Host. Corp.</u>, 418 F.3d 168,

175 (2d Cir. 2005).

In order to state a claim for unjust enrichment under New York law, a plaintiff must

establish (1) that the defendant benefited; (2) at the plaintiff's expense; and (3) that equity and

good conscience require restitution.  <u>Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield</u>

<u>of N.J. Inc.</u>, 448 F.3d 573, 586 (2d Cir. 2006).  Although a plaintiff cannot ultimately recover

under a claim for breach of contract and unjust enrichment where a contract governs the subject

matter at issue, a plaintiff can plead both causes of action in the alternative.  <u>See</u> <u>Nat'l City</u>

<u>Commer. Capital Co. LLC v. Global Golf Inc.</u>, 09 Civ. 0307, 2009 WL 1437620 (E.D.N.Y. May

20, 2009) (citing cases).

In support of defendants' argument, several courts have found that "a plaintiff may not

allege that his former employer was 'unjustly enriched at his expense when the employer

compensated the plaintiff by paying him a salary."  <u>Levion v. Societe Generale</u>, 822 F. Supp. 2d

390, 405 (S.D.N.Y. 2011); <u>See also</u> <u>Karmilowicz v. The Hartford Fin. Servs. Grp.</u>, No. 11 Civ.

539, 2011 WL 2936013, *12 (S.D.N.Y. July 14, 2011).  Contrary to these cases however,

plaintiffs allege that defendants did not pay their full salary, which included a non-discretionary

and specific commission amount.  The failure to pay an employee's salary can be the basis for a claim for unjust enrichment.  See Davis v. Lenox Hill Hosp., No. 03 Civ. 3746, 2004 WL 1926087 (S.D.N.Y. Aug. 31, 2004).  However, a claim for unjust enrichment cannot be based on work done by plaintiff pursuant to the parties' agreement and the defendant's failure to pay its obligations.  Instead, the unjust enrichment claim must rest on a lack of an express agreement between the parties.  Barth Packaging Inc. v. Excelsior Packaging Grp., No. 11-cv-2563, 2011 WL 3628858, at * 2 (Aug. 16, 2011).

While plaintiffs cannot ultimately hold defendants liable for breach of contract and unjust enrichment relating to agreed upon base salary and commissions, given that defendants challenge the validity of the agreement and the case is at the motion to dismiss stage, plaintiffs should be able to allege unjust enrichment in the alternative.  Moreover, Dragushansky alleges that she performed additional services for defendants, including but not limited to negotiating and obtaining substantial tax abatements as well as procuring numerous tenants for Emerita Urban Renewal Property.  To the extent these tasks were not part of the alleged employment agreement, plaintiff can maintain a separate cause of action for unjust enrichment relating to these additional services.

However, there is an insufficient basis for finding that Hilla Capital is able to maintain a quas-contract cause of action.  The complaint contains no allegation that defendants owed any obligation to Hilla Capital, and moreover, Hilla Capital cannot recover for any services rendered in the purchase of the Emerita Urban Renewal Property because Hilla Capital is not a licensed real estate broker.  There is also no allegation that Hilla Capital performed any services which would form the basis for such a claim for unjust enrichment.

More Definite Statement

The court denies the motion for a more definite statement.

Conclusion

The court grants the motion to dismiss in part and denies it in part.  Specifically, the court dismisses all counts against Rumble Tumble, Emerita USA, and Emerita Urban Renewal.  The court also dismisses the claims asserted by Hilla Capital.  However, the motion to dismiss is denied and all counts shall remain in the case between Dragushansky and Nasser.

This opinion resolves docket number 5.

Dated:   New York, New York
         August 29, 2013

                                        Thomas P. Griesa
                                        U.S. District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 08/29/13