UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CARMIT DRAGUSHANSKY,

                       Plaintiff,

        -against-

ALBERT NASSER,

                     Defendant.
------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-4-16

12-cv-9240 (PKC)

MEMORANDUM
AND ORDER

CASTEL, U.S.D.J.

        Defendant Albert Nasser moves to dismiss this action pursuant to Rule 41, Fed. R.

Civ. P., or for the sanction of dismissal under Rule 37, Fed. R. Civ. P.  Plaintiff Carmit

Dragushansky alleges in her complaint that she is an attorney (Dkt. 1 at 4) and, according to the

New York State Office of Court Administration ("NYOCA") website, she remains a member of

the bar of the State of New York.  For reasons to be explained, the Court grants defendant's

motion to dismiss for failure to prosecute.

BACKGROUND

        This case was filed on December 18, 2012, as a diversity action for breach of

contract, unjust enrichment, quantum meruit, and violations of New York Labor Law § 190

brought by plaintiffs Carmit Dragushansky and Hilla Capital, Inc. ("Hilla Capital") against

defendants Albert Nasser, Rumble Tumble, LLC. ("Rumble Tumble"), Emerita USA Associates,

LLC. ("Emerita USA"), and Emerita Urban Renewal, LLC. ("Emerita Urban Renewal").  (Dkt.

1).  It arises from Dragushansky's alleged services as an employee and real estate broker.

Defendants moved to dismiss the action for failure to state a claim for relief.  (Dkt. 5).  On

August 29, 2013, Judge Griesa, to whom the case had been assigned, granted that motion in part

and denied it in part.  (Dkt. 11).  The Court dismissed all claims against Rumble Tumble,

Emerita USA, and Emerita Urban Renewal as well as all claims asserted by Hilla Capital, but

denied the motion as to Dragushansky's claims against Nasser.  On July 22, 2014, Weiner &

Weiner LLC, then counsel for Dragushansky, sought and was granted leave to withdraw as

counsel for Dragushansky.  (Dkt. 14, 15).  Thereafter, she proceeded in the matter *pro se*.  (Dkt.

15).

       After counsel was relieved, several failures of plaintiff in discovery emerged.  On

October 24, 2014, Nasser filed a request for a pre-motion conference regarding his intention to

move to compel discovery and/or to move for sanctions against Dragushansky pursuant to Rule

37.  (Dkt. 16).  Judge Griesa held a status conference on February 3, 2015 during which he set a

schedule for document production and depositions, ordering "[p]laintiff to produce any and all

document requests to Defense counsel in advance of the date of Plaintiffs deposition to afford

counsel sufficient time to review those documents."

       On March 25, 2015, Dragushansky appeared for her deposition.  At that point she

had not produced a single document in response to the document requests—not even her bar

admission or broker's license, which had been requested.  At the deposition, she told a version of

events that had defendant Nasser covering up for her family, including an uncle who is a priest,

telling her that the priest controls everything and that the defendant said he had the head of

Mossad, the Israeli intelligence agency, visit him.  Her rambling testimony suggested that

"human trafficking" may lay at the heart of her suit for non-payment of real estate commissions.

(Transcript of Deposition of Carmit Dragushansky, March 25, 2015, ("Tr."), 57-59, Ex. A to Dkt

18).  She maintained that she had relevant documents that she would show to the defendant at his

deposition in Israel and refused to produce them to counsel.  (Tr. 61-62).  She was asked to

identify whose computer she was using to send emails relevant to the lawsuit and responded that

she was refusing to disclose who owned the computer.  (Tr. 99).  Her answers were evasive and

at times incoherent.

Nasser's counsel wrote to the Court on May 1, 2015 and the Court entered a

written order for Dragushansky to depose Nasser: "Plaintiff will depose defendant telephonically

on May 15, 2015."  (Dkt. 19).  Dragushansky never sought relief from the Court's order,

declined to respond to defendant's counsel's emails and did not conduct or attempt to conduct

the ordered deposition.  Defendant's counsel wrote to the Court on May 18 advising Judge

Griesa of the foregoing.  (Dkt. 20).  Judge Griesa then scheduled a conference that ultimately

was rescheduled for September 17, 2015.  Dragushansky did not appear at the conference.

On October 22, 2015, Nasser filed the present motion seeking sanctions and/or

dismissal for failure to prosecute.  (Dkt. 22).  Nasser served Dragushansky with the motion both

electronically to three email addresses and by first class mail to her last known postal address.

(Dkt. 26).  The first class mail was returned to Nasser stamped "not deliverable."  (Dkt. 26).  The

postal address was the address Dragushansky presently has listed on the NYOCA website as her

current address.  Dragushanksy has never responded to the motion that was served over three

months ago, never explained her failure to comply with the Court orders, and never sought an

adjournment of her time to respond.

DISCUSSION

"[D]ismissal of an action under Rule 41(b) is considered a "'harsh remedy' that

should 'be utilized only in extreme situations.'"  Lewis v. Rawson, 564 F.3d 569, 576 (2d Cir.

2009) (quoting Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993)).  In weighing

dismissal as a remedy, the Court should consider whether: "(1) the plaintiff's failure to prosecute

caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) . . . the efficacy of lesser sanctions."  United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004).  Even though Dragushansky is an attorney, the Court still accords her a modest degree of "special solicitude" because she is proceeding *pro se* and there is no indication that she practices in the field of litigation and she is not a member of the bar of this Court.  See Tracy v. Freshwater, 623 F.3d 90, 102 (2d Cir. 2010) (holding that "the degree of solicitude may be lessened where the particular pro se litigant is experienced in litigation and familiar with the procedural setting presented"); cf. Harbulak v. Suffolk County, 654 F.2d 194, 198 (2d Cir. 1981) (denying special consideration to a pro se "practicing lawyer who had the means and the knowledge, or at least the ability to obtain to knowledge" to recognize his actions were unreasonable).

I.      Delay.

            Plaintiff's failure to prosecute this action and failure to comply with discovery orders have caused significant delay.  She has failed to materially respond to defendant's multiple discovery requests and her last known participation in any event related to this action was her presence at her deposition on March 25, 2015.  (See Declaration of Harlan Lazarus ("Lazarus Decl."), Ex. N).  Dragushansky failed to depose defendant on May 15, 2015 despite Judge Griesa's order.  She failed to appear at the Court's conference scheduled for September 17, 2015.  Dragushansky has also failed to submit any response to the present motion, which defendant filed on October 22, 2015.  As a result of plaintiff's inaction, the litigation commenced on December 18, 2012 has been materially delayed.

II.     Notice.

Plaintiff was on notice of defendant's intent to seek sanctions and possible dismissal as early as October 24, 2014. She was repeatedly reminded of such possibilities in defendant's two subsequent letter motions of May 1, 2015 and May 18, 2015. Moreover, the present motion filed on October 22, 2015 sought the following: "Nasser accordingly requests that the Court issue an order striking Plaintiff's Complaint in its entirety and dismissing the Action." (Dkt. 23 at 1). This warning of possible dismissal was more than a "brief and technical" comment. See LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 210 (2d Cir. 2001). While defendant's service of the present motion on plaintiff via first class mail was returned as "undeliverable," "it is the plaintiff's obligation to promptly submit a written notification to the Court if the plaintiff's address changes, and the Court may dismiss the action if the plaintiff fails to do so." Ortega v. U.S. Dep't of Educ., 14 CV 9703 (JGK), 2015 WL 505392, at *2 (S.D.N.Y. Feb. 6, 2015). Defendant also emailed a copy of the motion papers to three email addresses used by plaintiff.

III.    Prejudice to Defendant.

Defendant was forced to incur the expense of this litigation and has been unable, due to plaintiff's failure to prosecute, to move forward with fact discovery in any material way since March 25, 2015. In fact, even before March 25, 2015, plaintiff had been almost entirely unresponsive to defendant's repeated discovery requests. "Prejudice to defendants resulting from unreasonable delay may be presumed." Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982); see also Peart v. City of New York, 992 F.2d 458, 462 (2d Cir. 1993). Plaintiff has failed to offer any excuse at all for the delay in litigation caused by her failure to prosecute.

Thus, even if prejudice to defendant was not as obvious as it is here, the Court may presume prejudice because of the severity of the current delay.

IV.     Need to Alleviate Calendar Congestion Balanced with Plaintiff's Rights.

Plaintiff has a right to her day in Court, which is qualified by her obligation to comply with the Federal Rules of Civil Procedure and lawful Court Orders. Non-compliance undermines the ability of a court to manage its docket and dispense justice to all litigants in an expeditious manner.

V.      Efficacy of Lesser Sanctions.

The Court has considered the efficacy of sanctions less than dismissal and conclude that they are inadequate. Given plaintiff's failure to respond in any fashion to the present motion, which was filed on October 22, 2015 and which requests dismissal for failure to prosecute, the Court is certain that lesser sanctions would be insufficient to remedy plaintiff's failure to prosecute and failure to comply with court orders. No remedy other than dismissal fits the nature of plaintiff's non-compliance.

CONCLUSION

Defendant's motion to dismiss with prejudice is granted. The Clerk shall enter judgment for the defendant and close the case.


SO ORDERED.

P. Kevin Castel
United States District Judge


Dated: New York, New York
February 4, 2016